UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMMANUEL C. IWUOHA,<br>    Movant, | §<br>§<br>§ | 3:18-CV-2712-B (BT) |
| v. | §<br>§ | 3:13-CR-0481-B (BT) (03) |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§ | |

### ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. The Government filed an objection, arguing that although the Magistrate Judge correctly recommended denial of Movant's actual innocence claim, the "FCR leaves out the well-settled legal principle that a claim of actual innocence is not a stand-alone claim in Section 2255 proceedings." (Resp's Objs. at 1).

The District Court has made a *de novo* review of the proposed findings and recommendation to which objection was made. Although the findings, conclusions, and recommendation included a factual discussion of Movant's actual innocence claim, and recommended denial of the claim, the Magistrate Judge did not also address the government's argument that the claim is not cognizable under § 2255. The Court therefore GRANTS the government's objection and ORDERS that Movant's stand-alone actual innocence claim is denied as not cognizable under § 2255. *See Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). In all other respects the

Court ACCEPTS the Findings, Conclusion and Recommendation of the Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253, the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation, and this order, in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event the Movant files a notice of appeal, the court notes that

(  )   the Movant will proceed *in forma pauperis* on appeal.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

( X )  the Movant will need to pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 10th day of August, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE